IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARION S. LANFRANCEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-0927-FP-W-RED-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Marion Lanfranca ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 410 *et seq.*, as amended and the denial of his request for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g) and Section 1631 of the Act, 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is

comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff alleges two points of error by the ALJ. One, Plaintiff alleges that the ALJ erred in finding alcohol and drug abuse was a material factor in determining Plaintiff's disability. Two, Plaintiff alleges the ALJ erred in utilizing the listings, rather than a Vocational Expert ("VE")when Plaintiff exhibited non-exertional impairments. Under 1996 amendments to the Social Security Act, if alcohol or drug abuse is a contributing factor material to the Commissioner's determination of a disability, the claimant is not entitled to benefits. 42 U.S.C. § 423(d)(2)(C). In the determination whether the substance abuse is "material," the claimant has the burden of demonstrating that she would still be disabled if she were to stop using drugs or alcohol. 20 C.F.R. § 416.935(b)(1); *Pettit v. Apfel,* 218 F.3d 901, 903 (8th Cir.2000).

In this case, the Plaintiff argues that the ALJ did not determine if the Plaintiff was disabled

3

independent of the use of alcohol and thus incorrectly found that Plaintiff's use of alcohol was material to his disability. Contrary to Plaintiff's assertions, the ALJ noted that "substance abuse imposes "mild" restrictions in activities of daily living and social functioning and "moderate" limitations in concentration, persistence, pace.. . .with treatment compliance and absent substance abuse claimant can perform at least less demanding tasks." (Tr. 17).

The ALJ's determination was supported by the record which showed that Plaintiff was drug seeking, that he sought SSI more than work, and that he would concurrently advise separate physicians that he was doing well and that he needed benzodiazpines because of his panic attacks. In short, the record shows that the Plaintiff's symptoms became inflated when he was drug seeking. Moreover, Plaintiff was not compliant with treatment, nor did he follow through with opportunities for vocational services.

The ALJ did take into consideration Plaintiff's limitations without substance abuse, finding that Plaintiff could "perform at least less demanding tasks." This was the view of the State Agency examiner who also found that Plaintiff would be limited only in understanding, remembering, and carrying out detailed instructions. The ALJ further found a limitation to light work due to Plaintiff's Hepatitis C.

As a whole, the record supports the ALJ's determination that Plaintiff would not be disabled absent substance abuse. Further, there is substantial evidence to support the finding that Plaintiff's alcoholism was a material contributing factor to his disability.

The Plaintiff also argues the ALJ erred in not calling a VE to testify and instead relying on the Medical-Vocational Guidelines. When a claimant suffers from exertional and nonexertional impairments, and the exertional impairments alone do not warrant a finding of disability, the ALJ

4

must consider the extent to which the nonexertional impairments further diminish the claimant's work capacity. If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir.1997) (citation omitted). In other words, the law of this circuit states that "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Thompson v. Bowen*, 850 F.2d 346, 349-50 (8th Cir.1988). *See also, McGeorge v. Barnhart,* 321 F.3d 766, 768 -769 (2003).

Plaintiff in this case stated that he had no physical health problems and that he could function on medication, and Dr. Godfrey noted that Plaintiff had no work restrictions. The ALJ found that there were no physical limitations that prevented Plaintiff from light work. This finding was supported by the record as a whole, including the specific references noted above. The ALJ then specifically applied Rule 202.18 and 202.19 which directed a finding of "not disabled." Accordingly, in this instance, there was no error for the ALJ to apply the Medical-Vocational Guidelines and not rely on VE testimony.

## IV. CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is due to be **AFFIRMED**.

**IT IS SO ORDERED.**

DATE: January 6, 2006         */s/ Richard E. Dorr*
                              RICHARD E. DORR, JUDGE
                              UNITED STATES DISTRICT COURT